ST APEES, J.,
delivered the opinion of the court.
The court is of opinion that the arrangement entered into on the 8th May, 1861, between the widow of Samuel Hannah, the guardian of his infant children, and the adult legatee, Mary E- Hannah, was an advantageous one to all the parties concerned, and such as a court of equity, under all the circumstances, would sanction. The testator having by his will directed that those of his children who had not been educated should be educated and supported out of the general fund at the charge of his estate, that object could not be more satisfactorily accomplished than by keeping the estate together, and appropriating the rents and profits of the farm, or so much thereof as was necessary, to the support of the family and the education of the minors, according to the respective rights of the parties.
This" arrangement, although beneficial to the legatees, did not, however, justify the commissioner of the Circuit court in blending with the executorial transactions the accounts of disbursements for the children and supplies to the family of the testator. The law is too well settled either to be misunderstood or disregarded by the courts, that payments to legatees and advances to distributees should never enter into the general executorial accounts. In the present case *there was the less reason for a departure from this rule, inasmuch as the executors who first qualified, *535 as early as the year 1859 delivered over to the parties entitled, the slaves, and nearly all the perishable property belonging to the estate. And thereafter the farm was managed, the crops sold, and the proceeds disposed of by the appellee, not as executor but as guardian of the infants, and agent of the widow and the adult legatee, under the arrangement of the 8th May 1861, already mentioned.
In this respect the report of the commissioner ought to be reformed, so as to separate therefrom the entire executorial transactions, which require for their settlement the application of different principles from those governing guardian’s accounts and advances to the legatees. The Circuit court therefore erred in overruling appellant’s first, fifteenth and seventeenth exceptions to said report.
The court is further of opinion that the said report being reformed in the manner just indicated, may be properly relied on as showing the disbursements and receipts of the appellee as guardian and as agent aforesaid, and also as constituting a proper settlement of his accounts as such guardian and agent, with the exceptions and modifications hereinafter to be stated. In taking the account of the payments made to the widow and the several legatees, the commissioner has made a sort of conjectural estimate of the amounts deemed necessary •for the support and education of the younger children. It does not appear upon what principle he acted in fixing these amounts. Under the arrangement already mentioned the children resided in the mansionhouse with their mother, deriving their support from the entire estate, including her dower, from the year 18S9 down to the year 1870, *and, it may be, for a longer period. And yet the commissioner has allowed one of them the sum of four thousand and five hundred dollars, and the other the sum of four thousand as a charge upon the estate for their support and education. This would seem to be clearly excessive. Certainly there is nothing now in the record to justify it. Under the circumstances the proper course would seem to be to ascertain the expense actually incurred in educating the infant children, and to allow the same, if not excessive, as a charge upon the estate, together with a reasonable allowance for their support and maintenance during the period of their minority.
The court is further of opinion that the Circuit court did not err in overruling the appellants’ third, fourth, fifth and fourteenth exceptions to the report of the commissioner.
In regard to the sixth exception the court is of opinion that the facts are not presented by the record with sufficient certainty to enable the court properly to decide the question of the executor’s right to commissions upon the sale of the land in Kanawha. The subject matter of this exception is therefore left open for such further evidence as either of the parties may desire to offer before the commissioner.
The court is further of opinion that the Circuit court ought to have sustained the tenth exception, so far at least as to recommit the report for further inquiry in regard to the circumstances under which the executor collected the debt mentioned in said exception. The doctrine of this court, as expressed in several cases, is that a fiduciary is not warranted in receiving payment in a highly depreciated currency of a debt payable in gold or its equivalent, unless it be made to appear, either from the condition of the x'estate, or of the debtor or other circumstances, that the collection was expedient and proper.
In the present case nothing appears by the record, except the collection by the executor in Confederate currency in the year 1863, of a debt contracted long anterior to the commencement of the war. The executor may have refrained from adducing any evidence upon the point, by the fact that no objection was made before the commissioner to the credit and by the failure of any of the parties for more than two years to file any exceptions to the report.
As the report is to be recommitted upon other grounds, no injustice can be done by permitting farther inquiry into the circumstances under which the debt was collected. And so with respect to the seventh, eighth, ninth, eleventh, twelfth and sixteenth exceptions, the court deems it advisable to leave them open for further investigation before the commissioner, if desired by either of the parties.
The court is further of opinion that so much of the decree of the Circuit court as directs the commissioner to take an account of all the estate, real and personal, of the decedent, and also any further advancements which may have been made to any of the legatees, should be executed in connexion with the provisions of this decree, with a view to a final division of the estate, and with a farther view to ascertain and settle the rights and liabilities of the several legatees with respect to each other, and with repsect to the appellee.
The court is further of opinion that the appellee having waived his exceptions to the report of the commissioner, under an erroneous impression that said report would be sustained, and the case then finally disposed of, ought now to be permitted to withdraw his said waiver and renew his exceptions if he shall desire so to do. *It is therefore adjudged, ordered and decreed, that so much of the decree of the Circuit court as is in conflict with this opinion be reversed and annulled, and the residue affirmed; that the appellee, George C. Hannah, pay to the appellants their costs by them expended in the prosecution of their appeal here.
Decree reversed.